Nicholson, C. J.,
delivered the opinion of the court:
The estate of H. Vallentine being under administration as insolvent, upon a bill filed by E. S. Vallentine, executrix, against the heirs and creditors, in which real estate is sought to be sold, a claim is presented by "Whittaker, and the only question here is as to the allowance of this claim.
It appears that II. Vallentine, the testator, was surety of one Duke on an appeal bond, in a case of forcible entry and detainer in favor of Eerro, from three justices to the circuit court. Judgment was rendered in the circuit court in favor of Eerro against Duke and E. S. Vallentine, as executrix of II. Vallentine, for $450, the penalty of the appeal bond. The judgment was rendered against the executrix after scire facias.
The executrix enjoined the judgment of Eerro, and gave Eakin as surety on the injunction bond. Upon Eerro’s answer, the injunction was dissolved, and judgment given *541 against E. S. Yallentine, executrix, and Ealdn, for $461. Execution was levied from this judgment on Eakin’s property, which was sold and bought by Whittaker, who paid the judgment. It turned out that Eakin had no title to' the property, and upon bill filed by Whittaker, the satisfaction of the judgment was set aside, and he was substituted to the rights of Eerro.
In this way, Whittaker became entitled to look to the executrix for the debt paid by him to Eerro. She filed the bill of injunction as executrix, and the judgment was rendered against her as executrix. If she believed the original judgment of Eerro was unjust, she had a right, as executrix, to seek to get clear of it by injunction bill, and her failure in that suit would not make it her individual debt.
This is the claim filed by Whittaker against the estate of II. Yallentine. It is resisted on the ground that a judgment against the executrix was not sufficient to reach the real estate of the testator, and the chancellor so held, and rejected the claim. It is true, upon the death of H. Yallentine, his real estate descended to his heirs, and it could not be reached by an execution against his executrix without scire facias to the heirs to subject the land descended to them. Such was the case of Neal v. McCombs, 2 Yer., 10. But this was before our insolvent laws, which subject real estate to sale for the satisfaction of creditors of the deceased, by bringing in the creditors and requiring them to file their claims against the estate. The heirs axe parties, and have an opportunity to contest every claim filed as fully as it could be done by them when it was necessary to subject lands descended to them by scire facias proceeding.
It is said, however, that the judgment rendered against the executrix, upon scire facias upon the appeal bond, was a nullity, because the law does ndt authorize a judgment upon scire facias against the personal representative of a deceased surety on an appeal bond, and that the only rem *542 edy is by action at law on the bond. The statute gives the remedy by scire facias against the personal representatives of appellants who die, and it has been the uniform practice to construe this statute as embracing sureties, because by becoming such they make themselves parties, and are liable to the same remedies provided as to their principals.
It follows that the judgment rendered on scire facias against the executrix was valid, and was evidence of the indebtedness of the estate, but when the injunction procured by the executrix was dissolved, Ferro elected to take judgment against the .executrix and her surety, Eakin. This then became the debt of the estate, which was sufficient to entitle Whittaker to claim its pro rata share of the proceeds of the real estate, unless, when filed, the heirs could show that it was not a just claim. That not having been done, it should have been allowed.
The decree will be reversed with costs, and the cause remanded for further proceedings.